ALBERT LIFSON & SONS, INCORPORATED, A CORPORATION, PLAINTIFF-APPELLANT, v. NICHOLAS MELLO, DEFENDANT-APPELLEE.

Submitted May 13, 1927—Decided October 4, 1927.

**Sale of Goods—Plaintiff Sold Stove to Defendant—Stove Recommended to be in Good and Serviceable Condition—Stove "Blew up" Almost Immediately—Plaintiff Brought Suit—Defendant Counter-claimed for Damages—Judgment for Defendant by Court Without a Jury—Some Conflict of Testimony, but Judgment Affirmed.**

On plaintiff's appeal from the District Court judgment awarding damages to defendant on counter-claim.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff-appellant, *Stamler & Koestler.*

For the defendant-appellee, *Salvatore F. La Corte.*

PER CURIAM.

The suit was for the price of a "coal and gas cook stove" sold by plaintiff to defendant. The court, sitting without jury, rejected plaintiff's claim and awarded damages of $250 to defendant on his counter-claim. The facts, as the court was entitled to find and as we must assume did find in aid of the judgment, are that defendant purchased the stove at plaintiff's store and at the time of the purchase was assured by the salesman that the stove was in first-class condition and adapted to its purpose, and that plaintiff's employes would install the stove and make the necessary water and gas connections; that later, the stove was delivered by employes of defendant, who connected it with the chimney and performed other work on it, and before leaving told the defendant that it was in condition to use. Accordingly, after they left, defendant started a fire in the stove, and in a very few minutes it blew up, doing injury to the premises and to defendant's young son.

No trial errors are assigned except that the court refused to find for the plaintiff and did find for the defendant.

There is some dispute on the facts, but in view of the finding we must accept the theory of facts most favorable to the defendant. In this aspect the case presented a situation which it was manifestly the duty of the plaintiff to explain; a stove warranted good and serviceable installed by plaintiff and which for no apparent reason blows up as soon as lighted. The evidence indicated that defendant's chimney was in good order, and also that, in fact, the gas and water had not been connected. There was some evidence that it was not customary for plaintiff to connect such stoves, but the employe at the store and those making delivery might properly be assumed by defendant to have authority to make the representations that defendant's evidence indicates they did make. *Bridgeton* v. *Fidelity Co.,* 88 *N. J. L.* 645; *Stuart* v. *Farmers Exchange,* 90 *Id.* 584.

The judgment will be affirmed.